OPINION
{¶ 1} Westfield Group Insurance Company ("Westfield"), plaintiff-appellant, commenced an action in the Ohio Court of Claims against the Ohio Department of Transportation ("ODOT"), defendant-appellee, seeking to recover $5,358.25, which Westfield alleged that it had paid its insured as a result of damage to the insured's motor vehicle caused by the negligent failure of defendant to maintain the highway. Westfield's claim is based upon the subrogation of its insured's rights to recover from ODOT.
 {¶ 2} ODOT filed a motion to dismiss Westfield's complaint based upon the ruling of the Ohio Supreme Court in Community Ins. Co. v. Ohio Dept. of Transp. (2001), 92 Ohio St.3d 376, which it asserts prohibits an insurer from seeking subrogation in the Court of Claims for payments to policyholders who suffer damages due to the negligence of the state. The Court of Claims granted ODOT's motion to dismiss and entered judgment accordingly.
 {¶ 3} Westfield appeals, asserting the following assignments of error:
 {¶ 4} "1. The Court of Claims erred when it relied upon the decision of Community Mutual v. Ohio Department of Transportation, and subsequently granted the Appellee Department of Transportation's Motion to Dismiss.
 {¶ 5} "2. The Court of Claims erred in granting the Appellee's Motion to Dismiss since it is unconstitutional to deny an insurance company the right to seek reimbursement from the State of Ohio for negligent acts."
 {¶ 6} The first assignment of error asserts that the Court of Claims erred in holding that a subrogated insurance company has no cause of action against the state of Ohio even though the damages, which the insurance company paid its insured, were caused by the negligence of the state of Ohio. Westfield points out that no double recovery is involved in this case because its insured received recovery from Westfield and subrogated its rights against ODOT to Westfield.
 {¶ 7} In the early days of the Court of Claims Act, applying the same language as is presently contained in R.C. 2743.02, this court unanimously held that a subrogated casualty insurer may sue the state of Ohio in the Court of Claims for the amount of its subrogated claim. In the concurring opinion, Judge [later Justice] Holmes stated, "if it be the legislative intent to establish the state policy that under the limited waiver of governmental immunity of this chapter a subrogated insurer should not be permitted to sue the state of Ohio, then I believe it to be necessary to spell out such policy in this chapter of law." Lumbermens Mut. Cas. Co. v. Ohio Dept. of Transp. (Jan. 20, 1976), Franklin App. No. 75AP-307. The Tenth District Court of Appeals has exclusive jurisdiction over the Court of Claims subject only to reversal by the Ohio Supreme Court. This holding was the law of the state of Ohio from the inception of the Court of Claims until March 14, 2000. At that time, the Tenth District Court of Appeals, in a two-to-one decision, overruled our decision in Lumbermens, supra, in Community Ins. Co. v. Ohio Dept. of Transp. (2000), 137 Ohio App.3d 728. A discretionary appeal to the Ohio Supreme Court was allowed in (2000), 89 Ohio St.3d 1469.
 {¶ 8} In Community Ins. Co. v. Ohio Dept. of Transp. (2001),92 Ohio St.3d 376, the Ohio Supreme Court, in a four-to-three decision, affirmed the judgment of the Tenth District Court of Appeals. Although the Community Ins. Co. case involved subrogation of medical expenses, it is clear in the Ohio Supreme Court's opinion that no distinction was made between subrogation of medical expenses and subrogation of property damages. We do not believe that the language of Community Ins. Co. either in the Tenth District Court of Appeals or in the Ohio Supreme Court can be construed as anything other than denying recovery in the Court of Claims against the state of Ohio for subrogated property or medical damages even though there is no double recovery. Two members of this panel believe that this issue should be reconsidered in the Ohio Supreme Court for the reasons expressed in Lumbermens and in the dissenting opinion in Community Ins. Co., as well as the dissenting opinion in the Ohio Supreme Court. The majority of this panel feels that the state's action in denying recovery of subrogated claims against political subdivisions has no relevance to subrogated claims against the state of Ohio. As Justice Holmes pointed out in Lumbermens, if it was the state's intention to deny subrogation claims by insurance companies against the state of Ohio, it should be stated clearly in the Court of Claims Act. There were numerous amendments to the Court of Claims Act following our holding in Lumbermens, yet there was no amendment to R.C. 2743.02 to specifically show a legislative intent to deny insurers recovery of subrogated damages. The statutory provisions concerning liability of political subdivisions differs in many respects, including the assertion of specific language denying subrogated claims, as against political subdivisions. That specific language should have been inserted in the Court of Claims Act for liability against the state of Ohio by amendment at the time R.C. 2744.05 was adopted, if it was the intent of the legislature to make the two provisions consistent.
 {¶ 9} Having said the above, we point out that we take our judicial oath seriously, which requires us to follow the law as stated by the Ohio Supreme Court, whether or not we disagree with the holding.
 {¶ 10} The law of the state of Ohio is that a subrogated insurer cannot recover property damages from the state of Ohio even though its insured received only a single recovery. The consequence of this holding is that the liability falls upon the insurance company who pays the claim rather than upon the state of Ohio who caused the damage.
 {¶ 11} Appellant's first assignment of error is overruled.
 {¶ 12} Appellant secondly argues that the Court of Claims erred in dismissing its action, alleging that it is unconstitutional to deny an insurance company the right to seek reimbursement from the state of Ohio for negligent acts.
 {¶ 13} We find no merit in appellant's argument that is unconstitutional for the General Assembly to deny recovery by subrogated insurers in the Court of Claims for actions of liability by the state of Ohio. The Ohio Supreme Court has held that both R.C. 2743.02(D), pertaining to liability by the state of Ohio, and R.C. 2744.05(B), pertaining to liability by political subdivisions to subrogated insurers, should be construed in the same way — denying recovery to subrogated insurers. One is a result of specific language [R.C.2744.05(B)], and the other [R.C. 2743.02(D)] is a result of interpretation of the Court of Claims Act. While the Ohio Supreme Court has only impliedly found the prohibition in R.C. 2743.02(A) constitutional, the Ohio Supreme Court has specifically found the prohibition of R.C. 2744.05(B) in this respect to be constitutional. Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27. The reasoning of Menefee applies equally to the constitutionality of R.C. 2743.02(D).
 {¶ 14} Appellant's second assignment of error is overruled.
 {¶ 15} Appellant's assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
BOWMAN and BRYANT, JJ., concur.
 McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.